**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| AMY BURNETTI, | |
| Plaintiff, | Case No. 21-cv-02252 |
| v. | |
| BOARD OF EDUCATION FOR TOWNSHIP HIGH SCHOOL DISTRICT 113 *et al.* | Hon. Judge John J. Tharp, Jr. |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**THEIR RULE 12(b)(6) PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

On April 27, 2021, Plaintiff Amy Burnetti filed a Complaint against Defendants the Board of Education of Township High School District 113, (the "District"), Highland Park High School Principal Deborah Finn, former District board members Elizabeth Garlovsky and Debbie Hymen, and former interim co-superintendents Ben Martindale and Linda Yonke (collectively, the "Individual Defendants"). Plaintiff's Complaint includes claims under 42 U.S.C. § 1983 for alleged retaliation for exercising her First Amendment rights and demoting her without due process under the Fourteenth Amendment (Counts I and II); under the Fair Labor Standards Act ("FLSA") and the Illinois Wage Payment and Collection Act ("IWPCA") for failure to pay wages (Counts III and V); and under the FLSA and Illinois Whistleblower Act ("IWA") for retaliation (Counts IV and VI).

Defendants respectfully request that this Court dismiss the Complaint, in part, pursuant to Fed. R. Civ. P. 12(b)(6). Defendants ask this Court to dismiss Plaintiff's 42 U.S.C. § 1983 claims based upon her 2018 demotion, because they arose outside of the 2-year limitations period. Plaintiff's Section 1983 claims against the District, Garlovsky, Hymen, Martindale and Yonke

1

should also be dismissed because Plaintiff does not allege facts establishing their liability for any purported violations of her rights. Count IV should be dismissed as to the Individual Defendants because Plaintiff fails to state a claim against any of them for retaliation under the FLSA. Plaintiff's claim for damages under the Illinois Whistleblower Act in Count VI is time-barred. Finally, Defendants ask the Court to dismiss the claims for equitable relief against Garlovsky, Hymen, Martindale and Yonke because they are no longer affiliated with the District, rendering any relief that the Court could grant moot.

## I.  Background

The following factual allegations from Plaintiff's complaint are assumed to be true for purposes of Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss:

Plaintiff is currently employed by the District as a Teacher. Complaint, Dkt. No. 1, ¶ 99. Finn was hired as the Principal at Highland Park High School ("HPHS") on or about July 18, 2018. *Id*. at ¶ 7, 59. In spring 2018, the District fired former Superintendent Chris Dignam. *Id.* at ¶ 57. Martindale and Yonke were then hired as Interim Superintendents to replace Dignam. *Id.* at ¶¶ 10-11, 58. Hymen was formerly a member of the Board of Education. *Id*. at ¶ 9. Garlovsky was also a Board member. *Id.* ¶ 8. However, she left the Board in May 2021. May 3, 2021 Board Resolution, attached as Exhibit 1[1]; *Pugh v. Tribune Co.*, 521 F.3d 686, 691 (7th Cir. 2008) ("We may take judicial notice of documents in the public record … without converting a motion to dismiss into a motion for summary judgment.").

Plaintiff began working for the District in 2009 as a Business Education Teacher at HPHS. *Id*. at ¶17. From 2013-2017, Plaintiff served as the Chair of Applied Arts and Fine Arts at HPHS.

---

[1] The Resolution is also available from the Board's public records website at:
https://go.boarddocs.com/il/dist113/Board.nsf/files/C2PNX96009B3/$file/Resolution%20of%20Appreciation%20-%20Elizabeth%20Garlovsky.pdf

*Id*. at ¶20. In 2017, Plaintiff signed a one-year contract to serve as the Assistant Principal at HPHS.
*Id*. at ¶22. Plaintiff alleges that during the 2017-2018 school year, she was involved in reporting misconduct of prior administrators and that she participated in an external investigation and a separate criminal investigation into allegations of misconduct. *Id*. at ¶28.

On July 1, 2018, Plaintiff signed a contract renewing her position as Assistant Principal for the 2018-2019 year. *Id*. at ¶52. On July 19, 2018, Plaintiff alleges that Yonke and Martindale told her that she was being reassigned to her former position of Department Chair of Applied Arts and Fine Arts. *Id*. at ¶61. Plaintiff claims that, at this point, she had already worked 28 days as Assistant Principal during the 2018-2019 school year and was not paid. *Id*. at ¶72.

In December 2019, Plaintiff was told that she was being reassigned to teach for the 2020-2021 school year. *Id*. at ¶86. On February 27, 2020, Plaintiff was told that she must officially resign her Department Chair position or be subject to a public Notice of Non-Renewal. *Id*. at ¶92. Plaintiff alleges that was demoted back to a teaching position for the 2020-2021 school year. *Id*. at ¶97-99.

## II. Argument

### A. Legal Standard

Fed. R. Civ. P. 12(b)(6) mandates dismissal of a complaint that fails to state a claim upon which relief can be granted. In ruling on such a motion, the Court accepts as true all well-pled allegations, but is not constrained by the legal characterizations placed upon those allegations by the plaintiff. *Wroblewski v. City of Washburn*, 965 F.2d 452, 453 (7th Cir. 1992); *Republic Steel Corp. v. Pa. Eng'g Corp.*, 785 F.2d 174, 182-83 (7th Cir. 1986). To survive a motion to dismiss, a complaint must state sufficient facts or inferential allegations to support every material element necessary for recovery under the relevant legal theory. *Papapetropoulous v. Milwaukee Transp. Svcs.*, 795 F.2d 591, 594 (7th Cir. 1986). A plaintiff must plead "more than labels and conclusions,

3

and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion Cnty.*, 66 F.3d 151, 153 (7th Cir. 1995).

**B.      Plaintiff's Section 1983 Claims in Counts I and II Relating to her 2018 Demotion from Assistant Principal Are Untimely**

For actions under 42 U.S.C. § 1983, courts apply the statute of limitations for personal injury in the state where the injury occurred. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). In Illinois, personal injury actions are subject to a two-year statute of limitations. *Id.*; 735 ILCS 5/13-202. Plaintiff filed the Complaint on April 24, 2021. In Count I, Plaintiff alleges that she exercised her First Amendment right and engaged in constitutionally protected speech by reporting misconduct and potentially criminal behavior in 2017. Compl. at ¶102. Thereafter, Plaintiff alleges that she was demoted on July 19, 2018. *Id.* at ¶¶ 61, 86, 92. In Count II, Plaintiff also claims that this demotion deprived her of a property interest without due process of law. *Id.* at ¶109. Plaintiff's alleged demotion in 2018 falls over two years before Plaintiff filed her Complaint. Any claims related to her 2018 demotion under Section 1983 are by law time-barred and should be dismissed.

**C.      Counts I and II Should Be Dismissed Against the District Because Plaintiff Fails to Allege That Her Rights Were Violated as Part of Policy or Practice or By a Final Policymaking Authority**

Under *Monell v. Dep't of Soc. Servs.*, 436 U. S. 658 (1978), a municipal defendant may be found liable under 42 U.S.C. § 1983 when it violates constitutional rights via an official policy or custom. To state a claim under Section 1983, a plaintiff must show he suffered constitutional injury as a result of: (1) the enforcement of an express policy, (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *See Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir.

4

2001). The policy or practice "must be the direct cause or moving force behind the constitutional violation." *Woodward v. Corr. Med. Servs. Of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). The isolated, intentional acts of a municipal employee will not establish municipal liability under Section 1983; rather, a plaintiff must allege that the constitutional violation stemmed from a widespread custom or express policy adopted by the municipality. *See Monell*, 436 U.S. at 690-91; *Gray*, 854 F.2d at 183 (municipality only liable where plaintiff establishes the "existence of an entrenched practice with the effective force of a formal policy"). A custom or policy exists when the "duration and frequency of a practice warrants a finding of either actual or constructive knowledge by the [municipal entity] that the practice has become customary among employees." *Petit v. City of Chicago*, 766 F. Supp. 607, 614 (N.D. Ill 1991); *see also Jones v. City of Chicago*, 787 F.2d 200, 204 (7th Cir. 1986) (word "custom" generally implies a habitual practice or a repeated course of action).

Alternatively, in the absence of an express policy or established custom, municipal liability can be imposed only "where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). It is well established that school administrators are not final policymakers under Section 1983. *See Duda v. Bd. of Educ. of Franklin Park Sch. Dist.*, 133 F.3d 1054, 1061 (7th Cir. 1998) (affirming dismissal of complaint where school superintendent, principal, business manager, and director of buildings/grounds were not final policymaking authorities); *Cornfield v. Consolidated High Sch. Dist. 230*, 991 F.2d 1316, 1324 26 (7th Cir. 1993) (high school principal not a policymaker under Illinois law); 105 ILCS 5/10 21.4 and 5/10 21.4a (superintendents must act "under the direction of the board of education" and principals are subject to a school board's "rules and regulations").

5

Here, Plaintiff alleges that she was retaliated against when she was demoted on two separate occasions on July 19, 2018 and again in December 2019 after she reported misconduct and potentially criminal behavior in 2017. Compl. at ¶¶ 61, 86, 92, 102. In Count II, Plaintiff also claims that these demotions deprived her of a property interest without due process of law. *Id*. at ¶109. Plaintiff fails to allege that the District acted pursuant to a widespread custom or policy. In fact, Plaintiff does not reference any action or omission by the District at all and instead, claims only that individual administrators and Board members acted against her, without attributing their alleged actions to any custom or policy of the District. These allegations are simply not sufficient to state a claim for municipal liability under Section 1983. *See*, *Monell*, 436 U.S. at 690-91 ("a municipality cannot be held liable under Section 1983 because it employs a tortfeasor or, in other words, under *respondeat superior* theory). Plaintiff does not allege any action was taken by the Board, let alone that an action was taken pursuant to a Board-established custom, policy or widespread practice; thus, Plaintiff's claim fails.

Similarly, Plaintiff fails to allege action by a final policymaker. Final policymaking authority is vested solely in the District's Board of Education, not in its employees or individual Board members. *See* 105 ILCS 5/10-20.5 (School Code section directing boards of education to "adopt and enforce all necessary rules for the management and government of the public schools of their district"); *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1061 (7th Cir. 1998)(dismissing a Section 1983 claim where plaintiff alleged that certain school officials engaged in constitutional violation); *Limes Miller v. City of Chicago*, 773 F. Supp. 1130, 1137 (N.D. Ill. 1991) (complaint dismissed where defendants were not final policymakers under Illinois law). The Individual Defendants are not final policymakers of the District and thus cannot form a basis for Plaintiff's Section 1983 claim against the District. Plaintiff does not allege a

municipal policy or custom or action by a final policymaker, and thus, her claims alleging municipal liability must be dismissed.

**D.** **Counts I and II Should Be Dismissed as to Yonke, Martindale, Hymen, and Garlovsky Because Plaintiff Does Not Allege That They Were Personally Involved in Alleged Violations of Her Rights**

Individual defendants are not liable under Section 1983 unless they are personally responsible for the alleged violation. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Schultz v. Baumgart*, 738 F.2d 231, 238 (7th Cir. 1984). The individual must have caused or participated in the alleged constitutional or statutory deprivation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982); *Adams v. Pate*, 445 F.2d 105, 107 (7th Cir. 1971). To show personal involvement of a supervisory official, a plaintiff must establish that the official (1) acted or failed to act with deliberate or reckless disregard to the plaintiff's rights, or (2) directed or consented to the conduct which caused the plaintiff's alleged deprivation of rights. *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982); *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985); *Wellman v. Faulkner*, 715 F.2d 269, 275 (7th Cir. 1983), *cert. denied*, 468 U.S. 1217 (1983). At a minimum, plaintiff must establish that the supervisory official knowingly, willingly or recklessly caused the alleged deprivation by his or her action or inaction. *Rascon v. Hardiman*, 803 F.2d 269 (7th Cir. 1986).

Here, Plaintiff has failed to allege any facts to indicate that four of the individual defendants, Yonke, Martindale, Hymen or Garlovsky, were personally involved in any alleged violation. As to Yonke and Martindale, Plaintiff's allegations solely focus on alleged conduct that occurred in 2018. Compl. at ¶ 61. As discussed above, these allegations are time-barred. Further, Plaintiff is unable to allege any timely claims against Yonke and Martindale because they were acting as Interim Superintendents during the 2018-2019 school year, until Dr. Bruce Law was hired as Superintendent. *Id*. at ¶¶ 58, 73-74. Plaintiff does not state exactly when Dr. Law was hired but alleges that he was Superintendent by September 2019. *Id.* at ¶ 74. Given that Dr. Law

was the Superintendent when Plaintiff was allegedly demoted in December 2019, Yonke and Martindale could not have been personally involved in the alleged retaliatory actions during the applicable limitations period, and Plaintiff's Section 1983 claims against them must be dismissed.

Plaintiff's claims against Hymen and Garlovsky similarly must fail. Plaintiff's allegations as to them solely focus her 2018 demotion, which occurred outside the limitations period. Plaintiff does not allege any facts to indicate that Hymen was even on the Board at the time of her December 2019 demotion, much less that Hymen or Garlovsky were personally involved in the demotion or any other alleged retaliatory conduct within the limitations period.

Plaintiff asserts that these Individual Defendants acted "under the color of state law when they retaliated against the Plaintiff" and that each was "personally involved in and responsible for retaliation." Compl. at ¶¶ 104, 105, 110, 111. These conclusory allegations are insufficient to state a claim. *See e.g., Grays v. Bartelt*, 714 F.Supp. 293 (N.D. Ill. 1989) (dismissing section 1983 claim against individual defendant where plaintiff's complaint only contained a long list of conclusions without factual support). Accordingly, Plaintiff's Section 1983 claims against Yonke, Martindale, Hymen and Garlovsky should be dismissed.

### E. Count IV Should Be Dismissed As to All Individual Defendants Because Plaintiff Fails to Allege They Were Involved in Any Purported Retaliation

In Counts III and V, Plaintiff seeks to hold only the District liable under the FLSA and the IWPCA for allegedly failing to pay wages. In Count IV, Plaintiff purports to assert a claim for retaliation under the FLSA but does not allege that any of the Individual Defendants were involved in the alleged retaliation. To bring an FLSA claim against individual officers and management employees, the plaintiff must allege that the individual "exercised control and authority over the employee in a manner that caused the FLSA violation (at least in part)." *Schneider v. Cornerstone Pints, Inc.*, 148 F. Supp. 3d 690, 698 (N.D. Ill. 2015). Plaintiff does not allege any facts to establish

8

that any of the Individual Defendants had any involvement in the purported failure to pay her wages under the FLSA or any actions taken in retaliation for her objections to same. Therefore, Plaintiff's FLSA claim as to the Individual Defendants should be dismissed. *Killion v. Sketers*, 17-CV-3178, 2018 WL 315160, at *2–3 (C.D. Ill. Jan. 5, 2018) (dismissing FLSA claims against individual supervisor due to Plaintiff's failure to allege sufficient facts establishing that supervisor was an "employer"), *order vacated in part on other grounds at* 2018 WL 3186918 (C.D. Ill. June 28, 2018).

**F.    Plaintiff's Claim for Damages Under the Illinois Whistleblower Act in Count IV Should Be Dismissed Because it is Time-Barred**

Plaintiff's claim for money damages under the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.*, is time-barred. Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), no civil action "may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a). This provision applies to claims brought under the IWA. *See Taylor v. Bd. Of Educ. of Chi*, 10 N.E. 3d 383, 395 (Ill. App. Ct. 2014); *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005); *Padilla v. County of Cook,* 100 F. Supp. 2d 1145, 1146-47 (N.D. Ill. 2000).

Plaintiff filed her complaint on April 27, 2021.  Therefore, any claims arising from alleged retaliatory acts occurring before April 27, 2020 are untimely under the applicable statute of limitations. Plaintiff alleges that she was demoted on July 19, 2018 when she was reassigned to a Department Chair position. Compl. at ¶61. Plaintiff also alleges that she was demoted from Department Chair to Teacher in December 2019, and that she received a notice of non-renewal on February 27, 2020. *Id*. at ¶¶86, 92. The alleged retaliatory actions therefore occurred before April 27, 2020, the latest date Plaintiff would have been able to file a timely claim. *See, Cunliffe v.*

*Wright*, 51 F.Supp.3d 721, 731 (N.D. Ill. 2014) (stating that the statute of limitations begins to run when Plaintiff is notified of the alleged retaliatory action). Accordingly, Plaintiff's claims for damages under the IWA are time-barred and should be dismissed.

### G. Plaintiff's Claims for Equitable Relief Against Garlovsky, Hymen, Martindale and Yonke Should Be Dismissed as Moot

The Court should dismiss any claims for equitable relief against the four Individual Defendants who are no longer affiliated with the District, specifically, Garlovsky, Hymen, Martindale, and Yonke. Martindale and Yonke were interim co-superintendents and were later replaced by the current Superintendent, Dr. Law. Compl. at ¶¶58, 73-74. Hymen and Garlovsky are no longer on the Board of Education. *Id.* at ¶ 9; Exhibit 1. Accordingly, these Individual Defendants have no authority to reinstate Plaintiff to any position with the District or to take any other action with respect to her employment, rendering any demand for equitable relief involving them moot. All claims for equitable relief against Garlovsky, Hymen, Martindale, and Yonke should therefore be dismissed. *See e.g., Harris v. Education Officers Electoral Bd. Of Community Consol. School Dist. 110*, 203 Ill.App.3d 917, 920 (5th Dist. 1990) (stating generally that "a question is moot when no actual rights or interests of the parties remain or when events occur which render it impossible for the reviewing court to grant effective relief to either party").

## III. Conclusion

Based on the foregoing, Defendants respectfully request that this Court dismiss the Complaint, in part. Defendants ask the Court to dismiss Counts I and II to the extent that those counts are based upon Plaintiff's 2018 demotion, because that demotion occurred outside of the applicable 2-year statute of limitations. Counts I and II should also be dismissed as to the District and Individual Defendants Garlovsky, Hymen, Martindale and Yonke, as Plaintiff failed to allege facts sufficient to establish their liability for any alleged violations of her rights. Count IV should

be dismissed as to the Individual Defendants because Plaintiff fails to state a claim for retaliation under the FLSA. Plaintiff's claim for damages under the Illinois Whistleblower Act in Count VI should be dismissed because it is time-barred. Finally, Plaintiff's claims for equitable relief against Individual Defendants Hymen, Garlovsky, Martindale and Yonke should be dismissed as moot because those individuals are no longer associated with the District.

Respectfully submitted,

**BOARD OF EDUCATION FOR TOWNSHIP HIGH SCHOOL DISTRICT 113 *et al*.**

By: /s/ William R. Pokorny - 6275705
One of Their Attorneys

William R. Pokorny (wrp@franczek.com)
Caroline K. Kane (ckk@franczek.com)
FRANCZEK P.C.
300 S. Wacker Drive, Suite 3400
Chicago, Illinois 60606
T: 312-986-0300
F. 312-986-9192
Firm ID: 31593

Dated: July 12, 2021

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to be filed with the Court of the Clerk using the CM/ECF filing system which will electronically serve the parties of record on this 12th day of July, 2021:

s/ William R. Pokorny – 6275705

wrp@franczek.com