IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY BURNETTI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BOARD OF EDUCATION FOR<br>TOWNSHIP HIGH SCHOOL DISTRICT<br>113 *et al*.<br><br>　　　　Defendants. | Case No.: 1:21-cv-02252<br><br>Hon. Judge John J. Tharp, Jr. |

**DEFENDANTS' REPLY IN SUPPORT OF
<u>THEIR RULE 12(b)(6) PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

In her Response ("Pl. Resp.") (Docket No. 15) to Defendants' partial motion to dismiss (Docket No. 10), Plaintiff does not dispute that her claim for damages under the Illinois Whistleblower Act (Count VI) is time-barred and acknowledges that she is not seeking equitable relief against Defendants Garlovsky, Hymen, Martindale, or Yonke. Those claims should therefore be dismissed. Plaintiff also does not dispute that her FLSA retaliation claim in Count IV is not brought against Yonke or Martindale. As to the remaining issues in dispute, the Court should also grant Defendants' motion. Plaintiff's Section 1983 claims in Counts I and II are untimely, as Plaintiff's Complaint establishes that she was aware of the facts giving rise to those claims at the time of her July 2018 demotion. Plaintiff also fails to identify facts sufficient to support Section 1983 claims against the District, Garlovsky, Hymen, Martindale or Yonke. She also does not allege facts sufficient to sustain her FLSA retaliation claim against Garlovsky, Hymen, or Finn. Accordingly, the Court should grant Defendants' motion to dismiss in its entirety.

I. **Plaintiff's Section 1983 Claims in Counts I and II Should Be Dismissed**

   A. **Plaintiff's Allegations in the Complaint Confirm that her Section 1983 Claims in Counts I and II Relating to her 2018 Demotion are Untimely**

Plaintiff argues that her claims related to her 2018 demotion are timely because she allegedly did not realize she was retaliated against until much later, after she was reassigned to a department chair position in December 2019 and after District asked the States' Attorney to drop the criminal investigation. (Pl. Resp. p. 3-5). Plaintiff also argues that she could not have known that the 2018 demotion was tied to her constitutional rights until she learned that the District, Garlovsky and Hymen purportedly sought to oust the entire "new administration" by encouraging families to complain about Plaintiff and other administrators because they opposed the States' attorney criminal investigation. (Pl. Resp. p. 5).

This argument plainly addresses only Plaintiff's First Amendment retaliation claim in Count I of the Complaint, not her due process claim in Count II. Plaintiff alleges that she was removed from her former Assistant Prinicpal position in July 2018. Compl. ¶ 61. Accordingly, at a minimum, Count II should be dismissed as untimely as it pertains to her 2018 demotion. *See Lawshe v. Simpson*, 16 F.3d 1475, 1480 (7th Cir. 1994) (statute of limitations for due process claim for deprivation of public employment accrues on and begins to run from the actual termination of employment).

Similarly, the statute of limitations clock for a First Amendment retaliation claim generally begins to run immediately after the retaliatory act occurred. *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016). Plaintiff's Complaint establishes that she had sufficient knowledge of her First Amendment retaliation claim at the time of her 2018 removal from the Assistant Principal role. According to her Complaint, Plaintiff knew about her own participation in the investigation and her exercise of her constitutional rights prior to her demotion in 2018. Compl. at ¶36. Plaintiff also

alleges that "to her knowledge," Garlovsky and Hymen opposed the external investigation and the Board's decision to refer the matter to the State's attorney in 2018 allegedly because of their personal relationships with the former administration. Compl. at ¶¶ 37-38. She alleges that Garlovsky and Hymen met with teachers and community members to encourage them to raise complaints about the administration in 2018, prior to the time in which they were demoted. Compl. at ¶¶ 55-56. Because of these actions, Plaintiff alleges that in Spring 2018, Defendants fired Dignam and reassigned HPHS Principal Elizabeth Robertson. Compl. at ¶ 57. Plaintiff also alleges that Defendants hired two Interim Superintendents to replace Dignam and two candidates were interviewed to replace the principal on July 18, 2018. Compl. at ¶58-59. Plaintiff was demoted after them on July 19, 2018. Compl. at ¶61. Plaintiff's inference that these alleged actions happened after her demotion or somehow delayed her knowledge of any unlawful action is false based on the allegations in the Complaint. All of these alleged actions occurred prior to Plaintiff's 2018 demotion and Plaintiff allegedly had knowledge of the same.

Plaintiff's argument that she did not have knowledge that her initial demotion was a violation of her rights until she was removed from her department chair position also fails. (Pl. Resp. p. 5). As stated above, Plaintiff knew of her involvement in the investigation and that certain Defendants opposed investigation, allegedly resulting in her demotion and the termination of other administrators in 2018. It simply does not make sense that the removal from her department chair position in December 2019 had any effect on her knowledge of the circumstances surrounding her demotion in 2018. Plaintiff either knew or should have known of her claim in July 2018, much sooner than she is alleging in her Response. *See e.g., Mohr v. Chicago Sch. Reform Bd. of Trustees of Bd. of Educ. of City of Chicago*, 993 F. Supp. 1155, 1158 (N.D. Ill. 1998) (statute of limitations period for Section 1983 claim began when plaintiff was demoted, "the time in which she

discovered or should have discovered that her statutory or constitutional rights were violated").

Plaintiff's argument that the earliest she could have learned of unlawful conduct was sometime after the District's attorney sent a letter to the States' attorney asking for the investigation to be dropped on March 22, 2019 must also be rejected. (Pl. Resp. p. 5). The fact that the investigation was eventually dropped by the State's Attorney's office does not support an inference that her demotion one year prior was retaliatory or unlawful. Dropping the investigation is unrelated to whether the Plaintiff knew that her demotion was related to her conduct in 2017 and 2018 when the investigation was initiated. The allegations in the Complaint likewise do not support Plaintiff's argument. According to Plaintiff, Hymen and Garlovsky immediately opposed the investigation when it was initiated and allegedly fired Dignam and reassigned HPHS Principal Elizabeth Robertson before demoting the Plaintiff in 2018. Compl. at ¶¶ 37-38; Compl. at ¶¶ 55-61. All of these alleged actions occurred prior to Plaintiff's 2018 demotion and Plaintiff allegedly had knowledge of the same. The bottom line is that Plaintiff knew of the facts that gave rise to her claim related to her 2018 demotion at the time of the demotion. Later developments in the investigation or otherwise do not change her knowledge in 2018. Based on Plaintiff's own allegations, her claims related to her 2018 demotion are time barred and must be dismissed.

### B. Counts I and II Should Be Dismissed Against the District Because Plaintiff's Response Fails to Cite to Any Facts to Indicate that Her Rights Were Violated as Part of Policy or Practice or by a Final Policymaking Authority

Next, Plaintiff argues that she stated a Section 1983 claim against the District because the Board was responsible for approving her demotions and because there was a widespread practice of retaliatory actions against employees who reported misconduct. (Pl. Resp. p. 6-8). First, Plaintiff asks this Court to infer that because the Board has authority to adopt rules and regulations under the School Code, it is responsible for approving her demotions. (Pl. Resp. p. 6). The Complaint

4

does not contain any allegations that the Board approved Plaintiff's demotions. Instead, Plaintiff's allegations specifically refer to the actions allegedly taken by Defendants Finn, Garlovsky, Martindale, Yonke and Hymen, and not the Board of Education. See Compl. ¶¶ 103-105; 109-111. Although the Board does have final policy making authority, Plaintiff fails to allege facts to indicate that the Board exercised that authority in taking action against the Plaintiff. Instead, Plaintiff solely alleges that other individual actors took retaliatory action against her and not the Board of Education. Plaintiff cannot establish a Section 1983 claim against a local governmental body under a *respondeat superior* theory of liability. *See*, *Monell v. Dep't of Soc. Servs.*, 436 U. S. 658, 690-91 (1978) ("a municipality cannot be held liable under Section 1983 because it employs a tortfeasor or, in other words, under *respondeat superior* theory).

Plaintiff also fails to allege facts demonstrating that she was harmed by a widespread "custom or policy." Plaintiff asserts in her Response that there was a widespread practice by District 113 of approving retaliatory actions of employees who reported misconduct. (Pl. Resp. p. 8). First, Plaintiff's claims fails because she cannot merely assert the existence of a policy to state an actionable § 1983 claim. *Horwitz v. Bd. of Ed. of Avoca School Dist. No. 37*, 260 F.3d 602, 620 (7th Cir. 2001) (asserting that "on several occasions ... the plaintiff or a representative informed the school board of the numerous violations of plaintiff's rights," and "the school board maintained a policy of ignoring such violations in reckless disregard" was insufficient to state a claim for policy or custom, such that "the claim against the Board was properly dismissed"). Also, "a single isolated incident of wrongdoing by a non-policymaker is generally insufficient to establish municipal acquiescence in unconstitutional conduct." *Cornfield by Lewis v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1326 (7th Cir. 1993). To the extent that Plaintiff relies on the two other administrators, Mr. Dignam and Principal Robinson, who were allegedly terminated

5

or reassigned in order to establish a policy or custom, these situations are both distinct from Plaintiff's demotion and are insufficient to establish a widespread policy or custom. *Id.* at 1327 (plaintiff "[did] not state a claim that establishes deliberate indifference" merely by citing two reported incidents of strip searches); *Grieveson v. Anderson*, 538 F.3d 763, 773-75 (7th Cir. 2008) (four instances of alleged unconstitutional conduct did not constitute widespread pattern or practice); *Palmer v. Marion County*, 327 F.3d 588, 596-97 (7th Cir. 2003) (allegations of two instances of unconstitutional conduct did not demonstrate widespread practice). Thus, Plaintiff's claims under this theory also fail.

### C. Counts I and II Should Be Dismissed as to Yonke, Martindale, Hymen, and Garlovsky Because Plaintiff Fails To Allege That They Were Personally Involved in Alleged Violations of Her Rights

Plaintiff argues that she stated a Section 1983 claim against Yonke and Martindale because they participated in a supposed scheme to have the investigation of alleged improper document destruction shut down by demoting the Plaintiff and punishing her for participating in the investigation. (Pl. Resp. p. 9). They also allegedly demoted her without notice or the opportunity to be heard. (Pl. Resp. p. 9). Again, these allegations solely relate to alleged conduct that occurred in 2018 and are time-barred. Furthermore, because Yonke and Martindale were no longer acting as Interim Superintendents when Plaintiff was demoted in 2019, it is not possible for them to have been personally involved in the alleged retaliatory actions during the applicable limitations period. Plaintiff does not argue otherwise in her Response.

Even when looking at Plaintiff's allegations related to the 2018 demotion, Plaintiff merely alleges that Yonke and Martindale met with her and told her that she was being "reassigned" or "demoted" back to her former administrative position. Compl. at ¶61. But Plaintiff also alleges that it was actually Principal Deborah Finn who proposed the demotion. Compl. at ¶62. These allegations do not demonstrate that either Yonke or Martindale were personally responsible for the

alleged violation, nor do they indicate that either caused or participated in the alleged constitutional deprivation itself. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Schultz v. Baumgart*, 738 F.2d 231, 238 (7th Cir. 1984); *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982); *Adams v. Pate*, 445 F.2d 105, 107 (7th Cir. 1971). To show personal involvement, Plaintiff must establish that the official (1) acted or failed to act with deliberate or reckless disregard to the plaintiff's rights, or (2) directed or consented to the conduct which caused the plaintiff's alleged deprivation of rights. *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982); *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985); *Wellman v. Faulkner*, 715 F.2d 269, 275 (7th Cir. 1983), *cert. denied*, 468 U.S. 1217 (1983). At minimum, plaintiff must establish that the supervisory official knowingly, willingly or recklessly caused the alleged deprivation by action or inaction. *Rascon v. Hardiman*, 803 F.2d 269 (7th Cir. 1986) Plaintiff' has failed to allege facts to show that Yonke or Martindale were personally involved with the alleged constitutional deprivation under this standard because she fails to allege facts that each acted or failed to act with deliberate or reckless disregard for Plaintiff's rights or that they knowingly consented to the conduct which caused the Plaintiff's alleged deprivation of rights.

For Hymen and Garlovsky, Plaintiff argues that they opposed the investigation and held meetings with teachers and community members to encourage them to raise complaints about the administration. (Pl. Resp. p. 10). Also, in their capacity as Board members, she alleges that they approved the administrative changes and turned a blind eye to procedural problems in removing her. (Pl. Resp. p. 10). Again, Plaintiff's allegations relate solely to time-barred conduct that allegedly occurred in 2018. Further, these allegations are factually deficient because Plaintiff fails to allege that either Hymen or Garlovsky were personally involved in the decision to demote her, which is the crux of Plaintiff's Section 1983 claim. Plaintiff's Complaint is void of any allegations

7

that either Hymen or Garlovsky knew of the demotion or took any action to sanction it. Instead, Plaintiff alleges that Principal Deborah Finn proposed the demotion. Compl. at ¶62. There are likewise no allegations in the complaint to support Plaintiff's assertion that Hymen and Garlovsky turned a blind eye to any procedural problems in removing Plaintiff and Plaintiff does not cite to any. Plaintiff's allegations are conclusory and deficient. Thus, her Section 1983 claims against Yonke, Martindale, Hymen and Garlovsky should be dismissed.

## II. Plaintiff Fails To Allege that the Individual Defendants Were Involved in Any Purported Retaliation Under the FLSA And Count IV Should Be Dismissed

In Plaintiff's Response, she states that she is only pursuing an FLSA retaliation claim against Hymen, Garlovsky and Finn. (Pl. Resp. p. 12). Therefore, the FLSA retaliation claims against Yonke and Martindale should be dismissed.

Plaintiff relies on her allegation that Hymen and Garlovsky are Board Members of the District. (Pl. Resp. p. 12). She argues that Hymen and Garlovsky therefore, must approve payments to teachers and claims, without any supporting factual allegations, that the Defendants, "including Hymen and Garlovsky" refused to pay her after she refused to sign a Release. (Pl. Resp. p. 12). Plaintiff fails to allege that Hymen and Garlovsky, individually and separately from the Board of Education took any specific action to deprive her of payment of these wages. Further, as noted in Defendants' motion, Plaintiff does not allege any facts to indicate that Hymen was on the Board at this time these alleged actions took place. Plaintiff does not contest this fact in her Response.

As far as Finn, Plaintiff argues that Finn demoted her after she refused to sign the agreement related to her wages. (Pl. Resp. p. 12). However, Plaintiff fails to allege any facts to indicate that Finn had any knowledge of the wage issue or that Finn exercised any control over Plaintiff's wages. Plaintiff does not allege that she complained to Finn about her issue or that Finn had anything to do with it. Plaintiff does however cite to the allegations in her complaint stating that

8

Finn demoted her because the Plaintiff was "inappropriate" at an administrative meeting. (Pl. Resp. p. 13). This fact alleged by the Plaintiff indicates that Finn did not demote Plaintiff for a retaliatory reason, and instead indicates that the demotion was unrelated to Plaintiff's wage issue. Because Plaintiff fails to allege facts to indicate that Hymen, Garlovsky, and Finn acted individually to exercise control over Plaintiff's wages, these claims must be dismissed.

### III. Conclusion

Based on the foregoing, Defendants respectfully request that this Court grant its Partial Motion to Dismiss. Specifically, the Court should dismiss Counts I and II as they pertain to Plaintiff's 2018 demotion, as that demotion took place outside of the relevant statute of limitations. Counts I and II should also be dismissed as to the District and individual Defendants Garlovsky, Hymen, Martindale and Yonke, as Plaintiff fails to allege sufficient facts to establish liability against them under 42 U.S.C. § 1983. Count IV, for retaliation under the FLSA, should be dismissed as to the Individual Defendants, as Plaintiff concedes that this claim is not asserted against Yonke or Martindale, and fails to allege facts sufficient to state a claim against Hymen, Garlovsky or Finn. Plaintiff does not dispute that her claim for damages under the Illinois Whistleblower Act is time-barred. Finally, she concedes that she does not seek equitable relief against Hymen, Garlovsky, Martindale or Yonke. As Plaintiff does not state any valid claims against them, Garlovsky, Hymen, Martindale and Yonke should all be dismissed as defendants.

    Respectfully submitted,

    **BOARD OF EDUCATION FOR TOWNSHIP HIGH SCHOOL DISTRICT 113** *et al.*

    By: */s/ William R. Pokorny* – 6275705
        One of Their Attorneys

William R. Pokorny (wrp@franczek.com)
Caroline K. Kane (ckk@franczek.com)
Franczek P.C.
300 S. Wacker Drive, Suite 3400
Chicago, Illinois 60606
T: 312-986-0300
F: 312-986-9192

Dated: September 10, 2021

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that she caused a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR RULE 12(b)(6) PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to be filed with the Court of the Clerk using the CM/ECF filing system which will electronically serve the parties of record on this 10th day of September, 2021.

*/s/ William R. Pokorny – 6275705*