IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY BURNETTI,<br>                              Plaintiff,<br>v.<br>BOARD OF EDUCATION OF TOWNSHIP HIGH SCHOOL DISTRICT 113 and DEBORAH FINN,<br>                              Defendants. | Case No. 1:21-cv-02252<br><br>Hon. John J. Tharp, Judge Presiding<br><br>Presented to:<br>Hon. Maria Valdez, Magistrate Judge |

## **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Defendants, Board of Education for Township High School District 113 (the "District") and Deborah Finn, by and through their undersigned counsel, respond as follows to Plaintiff's Motion to Compel, Doc. No. 31. Defendants respectfully ask the Court to deny Plaintiff's motion.

**I.    Materials Related to Plaintiff's Demotions in 2018 and 2019**

The first issue raised in Plaintiff's Motion is production of documentation related to Plaintiff's removal from the Assistant Principal position in July 2018 and the Department Chair position in 2020. Plaintiff asserts that the Board has not produced materials from closed session board meetings related to these employment actions. However, these materials have now been produced. Specifically, Plaintiff's reassignment from the Assistant Principal position was included in the Personnel Notice to the Board approved at the July 30, 2018 board meeting, Bates No. R000659-661. Minutes from the meeting reflecting this approval were previously produced at R000131-132, in addition to being publicly posted on the Board's website. The matter was discussed in closed session on July 9, 2018. Defendants' counsel have obtained the recording of this board meeting and are in

the process of having the relevant portion of the recording excerpted for production to Plaintiff. They anticipate that the recording will be provided no later than November 30.

With respect to Plaintiff's reassignment from the Department Chair position, the Board previously produced the board resolution relating to non-renewal of Plaintiff's Department Chair role approved March 16, 2020, R000306-310. Defendant will produce the portion of the recording of the closed session meeting on March 16, 2020 related to the non-renewal, also by November 30. Aside from the closed session recordings, Defendant believes that it has now produced all non-privileged documents in its possession, custody, or control related to the two demotions.

II. **Robbins Schwartz and State's Attorney Investigations and Underlying Materials**

As set forth in her Complaint, Plaintiff maintains that she was subjected to retaliation based upon her role in investigations by the District's law firm, Robbins Schwartz, and the Lake Countty State's Attorney's Office, related to the destruction of documents by certain outgoing administrators of the District. Plaintiff seeks production of documents related to these investigations.

Much of the material that Plaintiff seeks is subject to attorney client and work product privilege and will be included in the District's privilege log. The District has produced non-privileged documents relating to the investigations, including but not limited to photographs, videos, a spreadsheet cataloguing 293 categories of recovered documents, the December 6, 2017 letter from Robbins Schwartz to the Lake County State's Attorney's office reporting on the investigation with attached exhibits, and other correspondence and communications with the Lake County State's Attorney's Office. The District has also obtained and will provide recordings of non-privileged discussions in closed-session board

meetings relating to the investigations, including a meeting with representatives of the Lake County State's Attorney's Office regarding the investigation and Board discussion of the decision to request that the State's Attorney's Office discontinue its investigation. (The District anticipates providing these recordings by November 30.) Privileged closed session discussions will be identified in the District's privilege log. The District has searched for but has not located any unredacted copy of the State's Attorney's reports that Plaintiff included in her document production to the District. To the District's knowledge, the Lake County State's Attorney's Office has not released unredacted copies of those reports.

In her motion, Plaintiff asserts that she is entitled to an unredacted copy of the December 6, 2017 letter from Robbins Schwartz to the Lake County State's Attorney reporting on the document investigation, including Plaintiff's involvement in reporting the issue. As she acknowledges, Plaintiff previously had a redacted copy of this report. The Board produced the report with limited redactions for the names of certain District employees other than Plaintiff identified as potential additional witnesses. *See* Exhibit 1, R000572. Although the listed individuals are likely already identifiable to Plaintiff based upon their titles, the Board does not object to producing a version of the December 6, 2017 report without these redactions, subject to an appropriate confidentiality order.

Plaintiff also contends that the Board must provide unredacted copies of the exhibits attached to the report. However, when the report was provided to the Lake County State's Attorney's office, it included certain exhibits as examples of the recovered records at issue in the investigation. Exhibit 1, R000588-602. These records were redacted *when produced to the Lake County State's Attorney* to protect identifying information of students and employees referenced in the records. Some of the records include confidential

evaluations of employees unrelated to this case. Others are sensitive student records, such as confidential psychological reports and test results. Plaintiff now insists that she is entitled to receive unredacted copies even of these confidential student and employee records, but provides no explanation as to how the identities of the individuals referenced in those records would be relevant or potentially lead to the discovery of admissible evidence related to her claims. The records themselves have nothing to do with this case, and disclosure of the redacted identifying information would not aid Plaintiff in identifying potential witnesses or otherwise aid in the discovery of potentially admissible evidence.

Further, student records are protected from disclosure under state and federal law in the absence of a court order. Specifically, the Illinois School Student Records Act ("ISSRA") defines a "school student record" as "any writing or other recorded information concerning a student and by which a student may be individually identified, maintained by a school or at is direction by an employee of a school, regardless of where or how the information is stored." 105 ILCS 10/2(d). ISSRA allows for release of student records only under limited circumstances. Student records may not be released in discovery in the absence of a court order. When records are released pursuant to court order, the district must notify parents of the affected students (or students over the age of 18) of the terms of the order, the nature and substance of the information proposed to be released, and their opportunity to inspect, copy, and challenge the contents of the record. 105 ILCS 10/6(a)(5). The Family Educational Rights and Privacy Act (FERPA) similarly bars disclosure of education records in the absence of a court order or subpoena, and mandating notice to parents or adult students prior to complying with such an order or subpoena. 20 U.S.C. § 1232g(b)(2)(B). As the names of the students referenced in the exhibits to the report have

no bearing on Plaintiff's case, an order requiring the District to turn this information over to Plaintiff in unredacted form would be unduly burdensome both for the District, which would have to identify and prepare notices to the affected students or their parents, and to the students whose confidential information would be disclosed.

Plaintiff also now clarifies that she seeks discovery not only as to documents related to the investigations and the request to discontinue the investigations, but also all of the "underlying evidence" provided either to the District's attorneys or the Lake County State's Attorney, apparently including all of the recovered documents discarded by the former administrators, all in unredacted form. The District strenuously objects to this request. As detailed in the documents already produced to Plaintiff, documents provided to the District's attorneys at Robbins Schwartz alone include, among other things, roughly 50,000 restored email messages and an estimated ten thousand pages of physical files in 295 categories, including professional development materials, staff records and personnel files, evaluations, student test scores, and other student records.

None of these underlying records are in any way relevant to Plaintiff's claims. The employees and students referenced in the records are not potential witnesses and their identities will not aid in the identification of relevant information. Producing these files to Plaintiff would be extraordinarily burdensome, as among other things the District would need to review tens of thousands of additional document for privilege and to identify student records. Producing student records would require prior notice to the affected students or their parents under ISSRA and FERPA, as discussed above.

The District is also hampered from producing "underlying evidence" provided to the State's Attorney's Office as much of that evidence was provided pursuant to a grand

5

jury subpoena. While the State's Attorney's Office has disclosed the existence of the subpoena and grand jury investigation, it has done so only in redacted form, not revealing the information requested. *See* Exhibit 2, Burnetti 000333. The subpoena specifically cautions that "YOU ARE NOT TO DISCLOSE THE EXISTANCE OF THIS REQUEST AS IT MAY IMPEDE THE INVESTIGATION AND THE ENFORCEMENT OF THE LAW." The District is not at liberty to disclose information produced to the grand jury, including the identities of prospective or former grand jury witnesses. 725 ILCS 5/112-6(b); *In re Appointment of Special Prosecutor*, 2019 IL 122949, ¶ 39. Again, Plaintiff has shown no justification for disclosure of the "underlying evidence" provided in response to a grand jury subpoena.

To reiterate: the District does not object to producing non-privileged documents and communications *about* the investigations, including but not limited non-privileged communications between and among board members and administrators, communications with the State's Attorney's Office, the photographs and videos referenced in Plaintiff's motion, and closed session minutes and recordings of non-privileged discussions related to the investigations. Aside from the closed session recordings, which are being prepared for production, the District has already provided these materials. The documents provided to Plaintiff make clear the existence and scope of the investigation, Plaintiff's involvement, and the identities of the other potential witnesses for this case, and the reasons for the District's decision to request that the State's Attorney's Office discontinue its investigation. However, the District respectfully asks the Court to deny Plaintiff's request for all "underlying evidence" produced to the District's attorneys or the State's Attorney's Office in the course of the investigations, for the reasons set forth above.

### III. Plaintiff's Request for a 30(b)(6) Deposition To Identify Witnesses Who Received Investigation Reports

Plaintiff seeks a 30(b)(6) witness to identify all District 113 administrators and board members who received a copy of the investigation reports by Robbins Schwartz or the Lake County State's Attorney. Plaintiff contends that she needs information regarding distribution of the reports to board members and administrators to show whether "the persons who initiated and/or approved the adverse actions suffered by Plaintiff were *aware of her cooperation* in these investigations." The District has conducted a search for documents and electronic information regarding distribution of the referenced reports, and is prepared to present a witness to testify as to the District's knowledge of who received the reports based upon those investigations. The District's objection is not to this, but to Plaintiff's suggestion that the District should be required to canvass all current administrators and board members to determine whether any of them may have received the Robbins Schartz report or Lake County State's Attorney's reports in a manner not revealed through the District's investigation. The universe of board members and administrators involved in the employment decisions at issue in this case is limited, and Plaintiff will presumably take individual depositions of each of those witnesses. Requiring the District to separately interview these individuals for the purpose of providing a witness to testify as to their receipt of the reports would be duplicative. Further, Plaintiff's request is not limited to these witnesses, but extends to *all* board members and administrators, regardless of whether they had anything to do with any of the employment decisions at issue in this case.

### IV. Dates for Production of Privilege Log and Remaining Documents

Plaintiff asks the Court to identify dates certain for the production of additional documents and the District's privilege log. As noted above, the District is processing closed session recordings for production to Plaintiff and expects to provide those recordings by November 30, 2023. The District anticipates that it will be able to provide its privilege log by December 15, 2023. However, if the District is ordered to produce all of the underlying evidence provided to its attorneys or the State's Attorney's Office in the course of the document investigations, the District will require at least an additional 30 days to review the documents for the purpose of identifying potential student records and other privileged or confidential matter contained in that data set, and will need additional time to prepare a supplemental privilege log for that production.

### V. Conclusion.

For the foregoing reasons, Defendants respectfully asks the Court to deny Plaintiff's Motion to Compel.

Dated: November 22, 2023

Respectfully submitted,
**BOARD OF EDUCATION OF TOWNSHIP HIGH SCHOOL DISTRICT 113 and DEBORAH FINN**, Defendants.

By: */s/ William R. Pokorny*
One of their Attorneys

William R. Pokorny, wrp@franczek.com
Rachel E. Domash, red@franczek.com
FRANCZEK P.C.
300 S. Wacker Dr., Ste. 3400
Chicago, IL 60606
(312) 986-0300 (tel)
(312) 986-9192 (fax)

3267036.1

## CERTIFICATE OF SERVICE

The undersigned attorney, hereby certifies that on November 22, 2023, he caused a true and correct copy of **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL** to be electronically filed through CM/ECF which will serve counsel of record, namely:

>Noelle C. Brennan
>NOELLE BRENNAN & ASSOCIATES, LTD.
>111 N. Wabash St., Suite 800
>Chicago, IL 60603
>nbrennan@nbrennan-associates.com
>*Counsel for Plaintiff*

>>/s/ William R. Pokorny

9

3267036.1