**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AMY BURNETTI,<br><br>                           Plaintiff,<br>      v.<br>BOARD OF EDUCATION OF TOWNSHIP<br>HIGH SCHOOL DISTRICT 113 and<br>DEBORAH FINN,<br>                         Defendants. | Case No. 21-cv-2252<br><br>Hon. John J. Tharp, Judge Presiding<br><br>Presented to:<br><u>Hon. Maria Valdez, Magistrate Judge</u> |

## <u>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL</u>

Defendants, Board of Education for Township High School District 113 (the "District") and Deborah Finn, by and through their undersigned counsel, respond as follows to Plaintiff's Motion to Compel, Doc. No. 31. Defendants respectfully ask the Court to deny Plaintiff's motion.

### I.      PRIV-208, June 11, 2018 Closed Session Recording

The Board of Education held two closed sessions during its meeting on June 11, 2018. Plaintiff seeks production of the first closed session purportedly because it included discussion of the placement of Deborah Finn into the position of Principal at Highland Park High School and the removal of Elizabeht Roberson from that position. Doc. 45 at 9.

The Board did not separately include the first closed session recording in its privilege log because that recording is not responsive to Plaintiff's requests for production. Plaintiff did not seek documents related to the Board's appointment of Finn to the position of Principal at Highland Park High School or the removal of Elizabeht Robertson from that position. The only request related to Robertson was Request 12, which sought records related to Ms. Robertson's performance. The District objected to that request and maintains that Roberston's performance is not relevant to Plaintiff's claims. *See* Exhibit 1 (Defendants' responses to Plaintiff's production requests).

Regardless, Roberson's performance was not discussed during the first June 11, 2018 closed session and the recording was not responsive to that request.

Additionally, the discussion of the appointment of Ms. Finn as Interim Principal included a report to the Board regarding legal advice conveyed by the District's legal counsel. Accordingly, even if it had been responsive, that portion of the recording would have been properly withheld on privilege grounds. The remainder of the closed session related principally to the Board's evaluation of interim superintendent candidates and likewise was not responsive to Plaintiff's production requests.

With respect to the second June 11, 2018 closed session, as shown by the minutes and notes attached to Plaintiff's Motion, during the June 11, 2018 closed session, board members discussed the investigation by the Lake County State's Attorney's office and Board members shared their views regarding how to move forward with the issue. That session includes the Board President, Ms. Garlovsky, and Board member Michelle Culver, describing prior communications with the Board's attorney, Anthony Loizzi, to other Board members. The privileged matter discussed in the meeting was not revealed through the notes or minutes of the meeting. That attorneys were not personally present at the meeting does not mean that the recording is not privileged, as individuals within an organizational structure are permitted to consult with each other about legal advice without waiving the privilege. *See, e.g., Gerba v. Nat'l Hellenic Museum*, 338 F. Supp. 3d 851, 858 (N.D. Ill. 2018).

The portion of the recording responsive to Plaintiff's discovery request spans from approximately time stamp 1:28:04 to 1:39:52. The Board maintains that the portion of the recording from time stamp 1:28:50 to 1:29:30 and 1:33:11 to 1:33:27, which directly describe prior

3321100.1

privileged communications with Board attorney Anthony Loizzi for the purpose of obtaining legal advice, are privileged and properly withheld.

The Board previously objected to the production of the remainder of the recording of the discussion regarding the document investigation at the June 11, 2018 board meeting. While the Board maintains that its objections were properly asserted, after further consideration the Board has elected to withdraw its objections except as to the privileged portions of the recording described above. The Board will therefore produce the responsive portion of the closed session recording, other than the discussion of the conversation with Mr. Loizzi described above. However, the Board requests that the recording be produced pursuant to an appropriate confidentiality order.

## II.    PRIV-209 and 210 – June 25, 2018 Closed Session Recording and Minutes

The Board previously objected to the production of the recording and minutes of the June 25, 2018 closed session discussion regarding the retention of the Robbins Schwarz law firm based upon attorney-client and deliberative process privilege. While the Board maintains that these objections were appropriately made, after further consideration the Board has elected to withdraw its objection and produce the responsive portions of the closed session recording and closed session minutes. However, the Board requests that the recording be produced pursuant to an appropriate confidentiality order.

## III.   PRIV-211, June 27, 2018 Closed Session Recording

The Board previously objected to the production of the recording of the closed session board discussion following a meeting with representatives of the Lake County State's Attorney's office based upon attorney-client privilege and deliberative process privilege. While the Board maintains that these objections were appropriately made, after further consideration the Board has

3321100.1

elected to withdraw its objection and produce the responsive portion of the closed session recording that was not already provided to Plaintiff. However, the Board requests that the recording be produced pursuant to an appropriate confidentiality order.

### IV.     PRIV-213 to 214 July 20, 2018 Email Chain

The e-mail chain at issue consists of a July 20, 2018 email message from Thomas Krieger to the Board's attorney Anthony Loizzi, seeking to confer with Mr. Loizzi for the purpose of seeking legal advice from Mr. Loizzi, and a second email from interim Superintendent Ben Martindale responding to Mr. Krieger's email to Mr. Loizzi. Mr. Loizzi is "merely copied" on the second message because Mr. Martindale was responding to the original message from Mr. Krieger. The chain was properly withheld as privileged. If needed the Board will be happy to produce the message for *in camera* inspection.

### V.     PRIV 240-243 November 7, 2018 Email Chain

Defendants produced an e-mail exchange dated November 7, 2018. The initial message, from Greg Dietz, an administrator at another district, was sent to Mr. Krieger on November 5, 2018. That message was produced in its entirety. Mr. Krieger then forwarded the message to the District's attorney, Anthony Loizzi. Mr. Loizzi was not merely copied – he was included on the exchange for the express purpose of soliciting his legal advice regarding the matter. Mr. Krieger also copied the interim superintendents Ben Martindale and Linda Yonke on his communication to Mr. Loizzi. Ms. Yonke and Mr. Krieger engaged in a further exchange separate from the request for legal advice to Mr. Loizzi, as reflected in the unredacted portions of the message that the District has provided. The District redacted only those portions of the email chain relating to the request for legal advice to Mr. Loizzi. The request for legal advice, Mr. Loizzi's response, and Mr. Krieger's comment on Mr. Loizzi's response to the two interim superintendents were properly

4

3321100.1

redacted. Again, the Board will be happy to produce the unredacted email chain for *in camera* inspection.

## VI. Conclusion.

For the foregoing reasons, Defendants respectfully asks the Court to deny Plaintiff's Motion to Compel.

Respectfully submitted,

BOARD OF EDUCATION OF
TOWNSHIP HIGH SCHOOL DISTRICT
113 and DEBORAH FINN, Defendants

By: /s/ William R. Pokorny
                One of their Attorneys

William R. Pokorny
wrp@franczek.com
Rachel E. Domash
red@franczek.com
FRANCZEK P.C.
300 S. Wacker Dr., Ste. 3400
Chicago, IL 60606
(312) 986-0300 (tel)
(312) 986-9192 (fax)

Dated:   June 10, 2024

5

3321100.1

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused a true and correct copy

of **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL (Doc**

**45)** to be served upon the following counsel of record this 10th day of June, 2024 via filing

with the court's electronic filing system:

> Noelle C. Brennan
> NOELLE BRENNAN &
> ASSOCIATES, LTD.
> 111 N. Wabash St., Suite 800
> Chicago, IL 60603
> (312) 422-0001 (tel)
> (312) 422-0008 (fax)
> nbrennan@nbrennan-associates.com
> *Counsel for Plaintiff*

> */s/ William R. Pokorny*

3321100.1