# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY BURNETTI,<br><br>                Plaintiff,<br>v.<br>BOARD OF EDUCATION OF TOWNSHIP HIGH SCHOOL DISTRICT 113 and DEBORAH FINN,<br><br>                Defendants. | Case No. 21-cv-2252<br><br>Hon. John J. Tharp, Judge Presiding<br>Hon. Maria Valdez, Magistrate Judge |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants, Board of Education for Township High School District 113 (the "District") and Deborah Finn, by and through their attorneys, Franczek P.C., and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, respond to Plaintiff's First Request for Production of Documents as follows:

1. The complete personnel file for Plaintiff, including all written performance evaluations of Plaintiff from 2009 through the present.

**Response:** Defendants will produce documents responsive to Request No. 1 in their possession, custody, or control.

2. All documents, memos, notes and email, including Board Meeting and Board Member materials, notes, email and text messages discussing or reflecting in any manner on Plaintiff's performance from the period 2017 through the present.

**Response:** Defendants object to Request 2 because it is vague, ambiguous, overly broad, unduly burdensome, and seeks documents and information that is neither relevant nor likely to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it seeks information subject to the attorney-client privilege or work product protection. Subject to and without waiving their objections, Defendants will produce copies of the Plaintiff's performance evaluations and other non-privileged documents related to the decision to remove

1

3240175.2

Plaintiff from the positions of Assistant Principal or Department Chair or the reasons for those decision.

3. The 2017-2018 Assistant Principal contract entered into between Plaintiff and Defendant Board, and all related materials including any and all internal documents, memos, notes and emails (including Board Meeting notes) relating to this contract, including the term of the contract and pay.

**Response:** Defendants object to this request to the extent that it seeks information subject to the attorney-client privilege or work product protection. Subject to and without waiving these objections, Defendants will produce Plaintiff's 2017-2018 Assistant Principal Contract and other non-privileged documents related to this contract.

4. The 2018-2019 Assistant Principal contract (titled, "The Tenured Full-Time Teacher Contract") entered into between Plaintiff and Defendant Board, and all related materials including any and all internal documents, memos, notes and emails (including Board meeting notes) relating to this contract, including the term of the contract and pay.

**Response:** Defendants object to this request to the extent that it seeks information subject to the attorney-client privilege or work product protection. Subject to and without waiving these objections, Defendants will produce the requested contract and other non-privileged documents related to this contract.

5. Any and all documents, memos, notes, emails, texts or other electronic communications, including all Board Meeting materials and communications of any type, related to the decision to remove Plaintiff from Assistant Principal to Department Chair in July of 2018.

**Response:** Defendants object to this request to the extent that it seeks information subject to the attorney-client privilege or work product protection. Defendants will produce non-privileged documents responsive to Request No. 5 in their possession, custody, or control.

6. Any and all documents, memos, notes, emails, text or other electronic communications including all Board Meeting materials and communications of any type, related to Defendant Finn's role in removing Plaintiff from the Assistant Principal position in or around July of 2018.

**Response:** Defendants object to this request to the extent that it seeks information subject to the attorney-client privilege or work product protection. Defendants will produce non-privileged documents responsive to Request No. 6 in their possession, custody, or control.

7. Any and all documents, memos, notes, emails, texts, or other electronic communications, including Board Meeting materials and communications of any type, related to the decision to remove Plaintiff from Department Chair to teacher for the 2020-2021 school year.

**Response:** Defendants object to this request to the extent that it seeks information subject to the attorney-client privilege or work product protection. Defendants will produce non-privileged documents responsive to Request No. 7 in their possession, custody, or control.

8. Any and all documents, memos, notes, emails, text or other electronic communications, including all Board Meeting materials and communications of any type, related to Defendant Finn's role in removing Plaintiff from Department Chair to teach for the 2020-2021 school year.

**Response:** Defendants object to this request to the extent that it seeks information subject to the attorney-client privilege or work product protection. Defendants will produce non-privileged documents responsive to Request No. 8 in their possession, custody, or control.

9. Any and all documents, memos, notes, emails, text or other electronic communications, including all Board Meeting materials and communications of any type, related to Defendants' request that Plaintiff resign from the Department Chair position for the 2020-2021 school year and Plaintiff's refusal to sign.

**Response:** Defendants object to this request to the extent that it seeks information subject to the attorney-client privilege or work product protection and because it mischaracterizes the stated facts. Subject to and without waiving these objections, Defendants will produce non-privileged documents related to Plaintiff's resignation from the Department Chair position in their possession, custody, or control.

10. All Board Meeting minutes, documents, memos, notes, email, text or other electronic communication, related to any Board Meeting, including notes from the portion of the meeting not open to the public, that relate to Plaintiff or any of Plaintiff's claims.

**Response:** Defendants object to this request to the extent that it seeks information subject to the attorney-client privilege or work product protection. Defendants further object to Request No. 10 to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants will produce non-privileged documents responsive to Request No. 10 related to the employment decisions at issue in the Complaint in their possession, custody, or control.

11. From 2016 to the present, any and all documents, memos, notes, emails, texts or other electronic communications, from any Board Member, Defendant Finn, or administrator, to or from any other person (including member of public and any of Defendants' current or former employees, agents, administrators or attorneys) related to:

   a. The investigation initiated in 2017 related to the destruction of materials by outgoing administrators Koutlentes, McMahon, and Wright, including the internal investigation, law firm investigation and the State's Attorney investigation.

   b. The decision to request that the State's Attorney close the investigation.

   c. Any materials reflecting, discussing, or mentioning the parents of student whose father was on the child sex offender list.

**Response:** Defendants object to this request to the extent that it seeks information subject to the attorney-client privilege or work product protection. Defendants further object to Request No. 11 to the extent that it seeks confidential student records protected by state and federal law. Subject to and without waiving these objections, Defendants will produce non-privileged documents responsive to Request No. 11 in their possession, custody, or control.

12. From 2016 to the present, any and all documents, memos, notes, emails, texts or other electronic communications, from any Board Member, Defendant Finn, or administrator, to or from any other person (including members of public and any of Defendants' current or former employees, agents, administrators or attorneys) related to the performance of former Superintendent Dignan, Elizabeth Roberston, or Amy Burnetti during the school years 2016-2017 and 2017-2018.

**Response:** Defendants object to Request No. 12 because it is overly broad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the

4

3240175.2

discovery of admissible evidence. Defendants further object to Request No. 12 because the documents sought include confidential personal information of individuals who are not a party to the case. Defendants further object to this request to the extent that it seeks information subject to the attorney-client privilege or work product protection. Subject to and without waiving their objections, Defendants will produce non-privileged documents related to Plaintiff's job performance as it related to the decisions to remove Plaintiff from the position of Assistant Principal and Department Chair, as well as Plaintiff's performance evaluations and personnel file.

13. Any and all documents, drafts, memos, notes, emails, texts, or other electronic communications regarding the pay periods for the 28 days Plaintiff worked as Assistant Principal for the 2018-2019 school year.

**Response:** Defendants object to this request to the extent that it seeks information subject to the attorney-client privilege or work product protection. Subject to and without waiving this objection, Defendants will produce non-privileged documents related to Plaintiff's contention that she worked 28 days as Assistant Principal for the 2018-2019 school year in their possession, custody, or control.

14. Any and all documents, drafts, memos, notes, emails, texts, or other electronic communications related to the Settlement and Release agreement Defendant District 113 sent to Plaintiff in November 2019 regarding the wages she alleged were owed for work performed over 28 days in the summer of 2018.

**Response:** Defendants object to this request to the extent that it seeks information subject to the attorney-client privilege or work product protection. Defendants further object to this request because the documents it seeks are inadmissible under Fed. R. Evid. 408.

15. Any and all documents, memos, notes, emails, texts, or other electronic communications regarding the Defendants' decision and basis for offering Plaintiff the Settlement and Release agreement sent to Plaintiff in November of 2019, including documents and recordings reflecting any discussions during any Board Meetings regarding the contested wages.

**Response:** Defendants object to this request to the extent that it seeks information subject to the attorney-client privilege or work product protection. Defendants further object to this request because the documents it seeks are inadmissible under Fed. R. Evid. 408.

16. From June of 2017 to the present, any and all documents, memos, notes, emails, texts or other electronic communications between any Board Member, Defendant Finn, or Defendants' administrators, agents or attorneys to, from, or related to Koulentes, McMahon, or Wright.

**Response:** Defendants object to Request 16 because it is overly broad, unduly burdensome, and seeks documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it seeks information subject to the attorney-client privilege or work product protection.

17. Any and all documents, memos, notes, emails, texts or other electronic communications regarding the decision to remove the approval to hire Erica Tuke from the July 9, 2018 Board Meeting agenda.

**Response:** Defendants object to this request to the extent that it seeks information subject to the attorney-client privilege or work product protection. Subject to and without waiving this objection, Defendants will produce non-privileged documents responsive to Request No. 17 in their possession, custody, or control.

18. Any and all documents, memos, notes, emails, texts, calendar records or other electronic communications regarding meetings among Defendant Finn on the one hand, and former administrators Koulentes, McMahon, and Wright, on the other, from June of 2018 through the present, including specifically in June of 2020.

**Response:** Defendants are not presently aware of any documents responsive to Request No. 18. Defendants are continuing to investigate and will supplement their response to Request No. 18 accordingly.

6

3240175.2

          Respectfully submitted,

          BOARD OF EDUCATION FOR
          TOWNSHIP HIGH SCHOOL DISTRICT
          113 and DEBORAH FINN, Defendants


          By: /s/ William R. Pokorny
               One of their Attorneys

William R. Pokorny
wrp@franczek.com
Rachel E. Domash
red@franczek.com
FRANCZEK P.C.
300 S. Wacker Dr., Ste. 3400
Chicago, IL 60606
(312) 986-0300 (tel)
(312) 986-9192 (fax)

Dated: September 20, 2023

**CERTIFICATE OF SERVICE**

    The undersigned, an attorney, hereby certifies that he caused a true and correct copy of **DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** to be electronically served upon the following counsel of record this 20th day of September, 2023:

    Noelle C. Brennan
    Plaintiff's Attorney
    NOELLE BRENNAN &
    ASSOCIATES, LTD.
    111 N. Wabash St., Suite 800
    Chicago, IL 60603
    (312) 422-0001 (tel)
    (312) 422-0008 (fax)
    nbrennan@nbrennan-associates.com

        */s/ William R. Pokorny*

3240175.2