IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY BURNETTI,<br>       Plaintiff,<br>v.<br>BOARD OF EDUCATION OF TOWNSHIP HIGH SCHOOL DISTRICT 113 and DEBORAH FINN,<br>       Defendants. | Case No. 21-cv-2252<br><br>Hon. John J. Tharp, Judge Presiding<br><br>Hon. Maria Valdez, Magistrate Judge |

**JOINT CONSENT TO EXERCISE OF JURISDICTION BY
MAGISTRATE JUDGE AND MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiff Amy Burnetti and Defendants the Board of Education of Township High School District 113 and Deobrah Finn hereby consent to the jurisdiction of the assigned magistrate judge and jointly move the Court to approve the Parties' settlement in this matter. In support of their Motion, the Parties state the following:

1. The Parties jointly consent to the exercise of jurisdiction by the assigned magistrate judge for purposes of this Motion and any subsequent proceedings.

2. In her Complaint, Plaintiff asserts claims against the Defendants under various statutes and causes of action. Among other things, Plaintiff alleges that Defendants violated the Fair Labor Standards Act (FLSA) and Wage Payment and Collection Act (IWPCA) by failing to pay Plaintiff all wages due to her under the FLSA and IWPCA.

3. Defendants dispute Plaintiff's claims and Plaintiff's calculations of the amounts allegedly owed.

4. Through their counsel, Plaintiff and Defendants engaged in extensive settlement negotiations, including exchanges of multiple rounds of written correspondence, several settlement conferences before the Court, and multiple telephone conferences between counsel.

5. Prior to their negotiations, the parties engaged in extensive written and oral discovery, exchanging thousands of pages of documentation and completing depositions of multiple party and non-party witnesses.

6. There are *bona fide* disputes between Plaintiff and Defendants regarding key issues, including whether Plaintiff is owed any additional wages under the FLSA or IWPCA and whether any alleged violation of the FLSA was "willful," among other things.

7. As a result of negotiations between Defendants and Plaintiff, the parties have reached a settlement of Plaintiff's claims against Defendants. The terms of their agreement are memorialized in a Settlement Agreement and Release (referred to herein as the "Settlement Agreement"), a copy of which is attached hereto as Exhibit 1.

8. The Settlement Agreement provides for, among other things, payment of back wages, compensatory damages, attorneys' fees, and court costs to Plaintiff and Plaintiff's counsel. Plaintiff and Plaintiff's counsel believe that the amounts to be paid represent a reasonable compromise of Plaintiff's claims based upon the parties' respective assessments of the strengths and weaknesses of Plaintiff's claims and Defendant's defenses and the inherent risks of litigation.

9. When an employee brings a private action against his employer or former employer under the FLSA or IWPCA, a wholly private settlement between the parties is generally not enforceable. Consequently, in such a situation the parties present to the court a proposed settlement, so the court may enter a stipulated judgment dismissing the case after examining the settlement to ensure that it is a fair and reasonable resolution of a *bona fide* dispute. *See Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *see also Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986).

10. The Parties agree and stipulate that the Settlement Agreement is a fair and reasonable resolution of *bona fide* disputes under the FLSA and IWPCA and the other claims asserted in the Amended Complaint. Accordingly, the Parties ask the Court to enter an order approving the Settlement Agreement.

11. The Parties further request that the Court dismiss the Lawsuit without prejudice and retain jurisdiction over this matter for sixty days after its approval of the Settlement Agreement for the sole purpose of enforcing the Parties' Settlement Agreement. If no party files a motion to enforce the Settlement Agreement or related motion within that period, the Parties request that the Court dismiss this case with prejudice, with the parties to bear costs and attorneys' fees as set forth in the Settlement Agreement.

WHEREFORE, the Parties respectfully ask the Court to approve the Settlement Agreement between Plaintiffs and Defendants. Upon approval of the Settlement Agreement, the Parties ask the Court to dismiss this case without prejudice and to order that the dismissal will convert to a dismissal with prejudice 60 days after the date of the dismissal order, unless any Party files a motion to reinstate the case for the sole purpose of enforcing the Settlement Agreement.

| *For Plaintiff:* | *For Defendants:* |
|---|---|
| /s/ Noelle C. Brennan | /s/ William R. Pokorny |
| Noelle C. Brennan | William R. Pokorny |
| nbrennan@nbrennan-associates.com | wrp@franczek.com |
| NOELLE BRENNAN & ASSOCIATES, LTD. | Rachel E. Domash |
| | red@franczek.com |
| 111 N. Wabash St., Suite 800 | FRANCZEK P.C. |
| Chicago, IL 60603 | 300 S. Wacker Dr., Ste. 3400 |
| (312) 422-0001 (tel) | Chicago, IL 60606 |
| (312) 422-0008 (fax) | (312) 986-0300 (tel) |
| | (312) 986-9192 (fax) |

3375687.1

## CERTIFICATE OF SERVICE

    The undersigned, an attorney, hereby certifies that on November 25, 2024, he caused a true and correct copy of **JOINT CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE AND MOTION FOR APPROVAL OF SETTLEMENT** to be filed with the Clerk of Court using the CM/ECF system which will provide notification of such filing to all counsel of record, namely:

> Noelle C. Brennan
> NOELLE BRENNAN &
> ASSOCIATES, LTD.
> 111 N. Wabash St., Suite 800
> Chicago, IL 60603
> (312) 422-0001 (tel)
> (312) 422-0008 (fax)
> nbrennan@nbrennan-associates.com
>
> *Counsel for Plaintiff*

                                */s/ William R. Pokorny*

3375687.1